# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ABERCROMBIE,<br><br>Defendant. | Case No. CR12-0053<br><br>ORDER FOR PRETRIAL DETENTION |

On the 7th day of August, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, E. Daniel O'Brien.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 18, 2012, Defendant Christopher Abercrombie was charged by Indictment (docket number 2) with being a felon in possession of a firearm. At the arraignment on August 3, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on October 1, 2012.

At the hearing, ATF Special Agent Michael Wempen testified regarding the circumstances underlying the instant charge. On February 7, 2011, law enforcement stopped a vehicle driven by Tamika Kearney, Defendant's girlfriend. Defendant was in the vehicle at the time of the traffic stop. Kearney was arrested for possession of a firearm with an obliterated serial number. Kearney was sentenced in January 2012. Around that time, Chicago Police Department contacted local law enforcement to speak with Kearney, regarding a firearm that was recovered from Tyrone Hudson in March 2011, and was purchased by Kearney on February 19, 2011.

On February 2, 2012, arrangements were made to meet with Kearney. On February 9, 2012, officers met with Kearney. She admitted purchasing the firearm found in Hudson's possession. She told law enforcement that it was stolen from her. She also told law enforcement that she purchased a third gun on March 10, 2011, but it did not work. She stated that she delivered it to Sports Outfitters in Cedar Rapids, to get it repaired.

Upon investigation, law enforcement learned that someone brought the firearm into Sports Outfitters on February 4, 2012. A receipt for the delivery of the gun was issued in Defendant's name. A photo ID of Defendant was also contained with the receipt. Furthermore, surveillance video from February 4, showed an individual that appeared to be Defendant entering Sports Outfitters to drop off the gun, and exiting the store.

At some point, Defendant was interviewed by law enforcement. He admitted dropping the gun off at Sports Outfitters on February 4. He stated that the gun belonged to Kearney. Initially, Defendant stated that Kearney asked him to drop the gun off, but later he admitted that he took the firearm to Sports Outfitters on his own accord. Before taking the gun to Sports Outfitters, Defendant retrieved the firearm from a lock box located in the basement of his residence.

According to the pretrial services report, Defendant is 27 years old. He was born in Chicago, Illinois. He moved to Cedar Rapids, Iowa, about six years ago. He has lived with his cousin in Cedar Rapids for the past two years. He has little to no contact with his parents, and was raised by his grandmother. Defendant has never been married, but has two children from a relationship with Tamika Kearney. He has custody of both children, but they sometimes reside with their grandmother in Cedar Rapids.

For the past 17 months, Defendant has been employed as a welder at Alside Window Company Midwest in Cedar Rapids. Defendant reported that his only health concern is a problem with acid reflux. He is prescribed medicine for his condition. He reports no history of mental or emotional health concerns. Defendant told the pretrial services officer that he consumed alcohol heavily from age 19 until about 3 years ago,

when he was diagnosed with acid reflux. Defendant stated that he smoked marijuana between the ages of 20 and 24. He successfully completed a drug treatment program in 2010.

Defendant has an extensive criminal history. Between 2000 and 2002, Defendant was arrested eight times as a juvenile. The charges against him included burglary, Illinois vehicle code felonies (3 times), possession of burglary tools, retail theft, criminal damage to property, possession of marijuana and possession of a controlled substance. The disposition of all these charges are unknown.

In 2003, at age 18, Defendant was arrested four times and charged in four separate cases with knowingly damaging property, delivery of cocaine, possession of marijuana, and delivery of marijuana. He was arrested and charged in the possession of marijuana and delivery of marijuana cases while the delivery of cocaine charge was pending. The disposition of the knowingly damaging property and possession of marijuana cases is unknown. Defendant was convicted in the delivery of cocaine and delivery of marijuana cases, and sentenced to 2 years probation in both cases.

In 2004, while on probation in the delivery of cocaine and delivery of marijuana cases, Defendant was charged with criminal trespass to a vehicle. The disposition of this case is unknown. In 2005, while on probation, Defendant was charged and later convicted with manufacturing and/or delivery of marijuana. He was sentenced to 2 years in prison. He was paroled on September 21, 2005, and discharged from parole on September 21, 2006.

In March 2006, while on parole, Defendant was charged with possession of marijuana. The disposition of this matter is unknown. In November 2006, Defendant was charged and later convicted in Linn County, Iowa, with second degree theft. He was given a 5-year suspended prison sentence and 3 years probation. In February 2009, Defendant admitted a probation violation, and was found in contempt. He was sentenced to 10 days in jail. His probation was discharged on August 30, 2010.

In April 2008, while on probation in the second degree theft charge, Defendant was sentenced and later convicted with interference with official acts and public intoxication. In October 2008, while on probation, Defendant was charged and later convicted with domestic abuse assault and fifth degree criminal mischief.[1] In September 2009, while on probation, Defendant was charged and later convicted of OWI. In August 2010, while on probation, Defendant was charged in two separate counts with two controlled substance violations. This matter was later dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of

---

[1] In addition to being sentenced to 16 days in jail on each count, Defendant was also ordered to complete a Batterer's Education Program. Iowa Department of Corrections records reflect that initially, Defendant was terminated from the Batterer's Education Program due to three unexcused absences. Eventually, Defendant re-enrolled in the program and completed it.

violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. It is undisputed that Defendant is a convicted felon. Defendant admitted possessing the firearm on February 4, 2012, and taking it to Sports Outfitters. Sports Outfitters issued a receipt for the gun to Defendant, and had Defendant's photo ID with the receipt. Additionally, video from Sports Outfitters shows Defendant entering and exiting the store on the date that the firearm was delivered.

The Court is particularly concerned with Defendant's failure in the past to comply with supervision on pretrial release, probation, and parole. Defendant consistently committed additional crimes while on pretrial release, probation, and parole. Thus, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released, to assure the safety of the community. Therefore, based on the serious nature and circumstances of the offense, Defendant's history of committing additional crimes while on pretrial release, probation, and parole, and the strong evidence against him, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 3, 2012) to the filing of this Ruling (August 7, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 7th day of August, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA